IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROGER DALE PRATHER, #159991                                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:11-cv-199-CWR-FKB

GEO GROUP, ET AL.                                                               DEFENDANTS

MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. On January 4, 2012, an Order [ECF No. 8] was entered directing Plaintiff to file a written response to provide specific information regarding his claims, on or before January 25, 2012. Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court may result in the dismissal of this case. Plaintiff has failed to comply with this Order.

On February 22, 2012, an Order [ECF No. 9] was entered directing the Plaintiff to show cause, on or before March 8, 2012, why this case should not be dismissed for his failure to comply with the Court's January 4, 2012 Order. In addition, Plaintiff was directed to comply with the Court's Order by filing his response, on or before March 8, 2012. The Show Cause Order warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Although Plaintiff filed discovery requests, he did not comply with the Order for more information or the Show Cause Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On March 26, 2012, a Final Order to Show Cause [ECF No. 14] was entered in this case. Plaintiff was directed to show cause, on or

before April 10, 2012, why this case should not be dismissed for his failure to comply with the Court's Orders of January 4, 2012, and February 22, 2012.  In addition, Plaintiff was directed to comply with the previous Orders by filing his response, on or before April 10, 2012.  The Final Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  On April 9, 2012, the envelope [ECF No. 15] containing the Final Order to Show Cause was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."  Plaintiff has not complied with the Final Order to Show Cause.

Plaintiff has failed to comply with three Court orders and he has not contacted this Court since March 1, 2012.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009) (affirming

dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 26th day of April, 2012.

    s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE